SYED NAZIM ALI
ATTORNEY PRO PER
65 Washington St, Suite # 225
Santa Clara, CA 95050
Email: Alex@CyberLaw101.com

FILED

JUL 1 6 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### 280 SOUTH 1ST STREET, ROOM 2112, SAN JOSE, CA 95113

| | |
|---|---|
| SYED NAZIM ALI<br><br>PLAINTIFF<br><br>vs.<br><br>INTEL CORPORATION.<br><br>DEFENDANT | CASE NO: 5:18-CV-03981-LHK<br><br>PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS<br><br>HEARING DATE: December 13, 2018<br>TIME: 1:30PM<br>COURTROOM: 08<br>HON. JUDGE: Lucy H. Koh |

## INTRODUCTORY STATEMENT

Plaintiff, Syed Nazim (hereinafter, "Plaintiff" or "Ali"), respectfully submits this Opposition to the Motion to Dismiss filed by the Defendant, Intel Inc. (hereinafter "Defendant" or "Intel"). Intel seeks to dismiss the Plaintiff's claims based on Rule 12(b)(1) claiming the court lacks subject matter jurisdiction over plaintiffs' claims as he has failed to plead that he adequately exhausted the

- 1 -
(PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS)

Prerequisite administrative remedies. Further, Intel is attempting to try and dismiss the Plaintiff's claim under Rule 12(b)(6) claiming Plaintiffs complaint fails to state facts sufficient to establish a viable claim upon which any relief Can be granted.

## SUMMARY OF FACTS

The Plaintiff brought an employment discrimination claims against Intel. The complaint was based on the discriminatory treatment in the hiring of Plaintiff as an employee which is considered as a in violation of the Civil Rights Act of 1866, 42 U.S. C. § 1981, as amended by the Civil Rights Act of 1991("Section 1981"); Title VII of the Civil Rights Act of 1964, 42 U.S. C. §§ 2000e, et. seq. as amended ("Title VII"); the California Fair Employment and Housing Act, Government Code §§ 12940, et seq.; the Age Discrimination in Employment Act, 29 U.S. C.A. § 621, et seq. ("ADEA"). Prior to filing his complaint, the Plaintiff filed a complaint with the EEOC which provided him with a Right to Sue Letter on June 29, 2017. Subsequently, the Plaintiff filed a lawsuit against Intel.   The Plaintiff asserted the following causes of action1) discrimination based on race; 2) age discrimination; 3) discrimination based on national origin; 4) retaliation in violation of FEHA; and 5) intentional infliction of emotional distress.

The Plaintiff filed his Original Complaint on May 31, 2018.  The Defendant filed Motion to Remve on July 02, 2017 and Motion to Dismiss on July 09, 2018.
The Plaintiff is filing this Opposition to the Motion to Dismiss because causes of actions that have been sufficiently plead.

## STATEMENT OF ISSUES FOR MOTION TO DISMISS

**STATEMENT OF ISSUES TO BE DECIDED [L.R. 7-4(A)(3)I**

The following issues are raised by this motion:

1   (1) Whether Plaintiffs Complaint should be dismissed claiming he has failed to exhaust his
2   administrative remedies with respect to his national origin, race and age discrimination Claim and
3   his retaliation claim; and

**PLAINTIFF'S POSITION ON ISSUE ONE**: Plaintiff's complaint should not be dismissed claiming he failed to exhaust his administrative remedies when in fact the Plaintiff has complied by following the local and federal rules regarding bring a claim for discrimination based on race, national origin, age discrimination and retaliation.

(2) Whether Plaintiffs Complaint should be. Dismissed because he fails to allege facts sufficient to establish a prima facie case of (i) race discrimination under Title VII and FEHA; (ii) age discrimination under the ADEA and FEHA; (iii) national origin discrimination under Title VII; (iv) retaliation under FEHA; and (v) intentional infliction of emotional distress

**PLAINTIFF'S POSITION ON ISSUE TWO**: Plaintiff's complaint should not be dismissed because he has stated and plead sufficient facts to establish a prima facie case of (i) race discrimination under Title VII and FEHA; (ii) age discrimination under the ADEA and FEHA; (iii) national origin discrimination under Title VII; (iv) retaliation under FEHA; and (v) intentional infliction of emotional distress.

## STANDARD FOR REVIEW

Where, as here, a defendant asserts in a Rule 12(b)(1) motion that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction, a court will accept all material allegations in the complaint as true and construe them in favor of the nonmovant. *See Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040 (N.D. Cal. 2012) (citing *Warth v. Seldin*, 422 U.S.

490, 501 (1975)).2 "On a motion to dismiss for lack of subject matter jurisdiction under [Rule] 12(b)(1), proof of jurisdictional facts may be supplied by affidavit, declaration, or any other evidence properly before the court, in addition to the pleadings challenged by the motion." *Green v. United States*, 630 F.3d 1245, 1248 (9th Cir. 2011). Here, the unrefuted evidence submitted by Plaintiffs establishes that all the causes of actions of the Plaintiff are sufficiently plead and that Defendants' Dismissal Motion should be denied.

When deciding a motion to dismiss, a court must accept "all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1058 (9th Cir. 2012); see also *Guillen v. Bank of America Corp.*, No. 5:10-cv-05825, 2011 WL 4071996 (N.D. Cal. 2011). Moreover, a court must "draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). A complaint meets this standard when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court may dismiss a complaint as a matter of law only if the complaint: (1) lacks a cognizable legal theory; or (2) fails to contain sufficient facts to support a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Although conclusory allegations are insufficient to defeat a Fed. R. Civ. P. 12(b)(6) motion, the federal rules only require that the plaintiff put the defendant on notice as to what the legal claim is and the grounds upon which the claim rests. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1155 (9th Cir. 1989).

Plaintiffs' complaint contains cognizable legal theories and sufficient facts to support a cognizable legal claim. Thus, defendant's motion to dismiss should be denied.

- 4 -
(PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS)

## ARGUMENT

### I. Plaintiff's Complaint Should Not be Dismissed Because He Had Exhausted his Administrative Remedies Prior to Filing Suit.

The Plaintiff has exhausted his administrative remedies prior to filing suit. The Defendants' allegation is preposterous in nature because the Plaintiff stated in the Original Complaint. (Exhibit A Original Complaint) In paragraph 42 its states:

> Prior to the initiation of this lawsuit, Plaintiff filed a complaint with the Equal Employment Opportunity Commission.

The Plaintiff has complied with 42 U.S.C. § 2000e-5(e); Cal. Govt. Code § 12960(d). A "Right to Sue" letter was granted by the EEOC on June 29, 2017. The Plaintiff filed his suit against the Defendant sometime thereafter. The Defendant has failed to show that the filing was not timely. Even if it was not timely, due to the nature of this type of case and employment discrimination, the court will give some sort of deference for this case.

Untimely exhaustion of administrative remedies is an affirmative defense, and the defendant bears the burden of pleading and proving it. See *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985). Since it is an affirmative defense, it should have been alleged at the time the Defendant filed their answer and not in this Motion to Dismiss. The Defendant has not maintained its burden. If the defendant meets its burden, the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense. See Bayer United States Dept. of the Treasury, 956 F.2d 330, 332 (D.C. Cir. 1992). As demonstrated below, Plaintiffs have met that burden. Therefore, the Defendant does not have a right to even raise this affirmative defense. Plus, the real fact is that the Plaintiff has exhausted its administrative remedies.

As one court has noted that the [e]exhaustion is not an end in itself; it is a practical and pragmatic doctrine that 'must be tailored to fit the peculiarities of the administrative system Congress has created.' Exhaustion under Title VII, like other procedural devices, should never be allowed to become so formidable a demand that it obscures the clear Congressional purpose of 'rooting out . . . every vestige of employment discrimination within the federal government.' *Brown*

*v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985) (quoting *President v. Vance*, 627 F.2d 353, 363 (D.C. Cir. 1980)). Defendants' arguments regarding exhaustion attempt to do exactly what the previous courts have it warned about in Brown v. Marsh,-- stand Title VII on its head and create an exhaustion doctrine so formidable that it obscures the Congressional purpose of 'rooting out . . . every vestige of employment discrimination within the federal government." *Id.* Under Defendants' "theory" of exhaustion, claims in a Title VII discrimination federal lawsuit are not "exhausted" unless they precisely track the exact contours of the administrative charge. Therefore, the Plaintiff has exhausted all his administrative remedies and the motion to dismiss should not be granted.

Thus, a Title VII action may be based not only on the specific claims contained within the EEOC charge, but also on any kind of discrimination like or related to the allegations of the charge, limited only by the scope of the EEOC investigation that could be expected to grow out of the charge. See Newberg on Class Actions § 24.88 (3d ed. 1992) (hereinafter "Newberg") As to the retaliation claim, there is no requirement to exhaust such a claim in this Court, it can be raised for the first time in federal court. See, *Baker v. Billington,* No. 99-2394 (PLF), 2003 U.S. Dist. LEXIS 6993, at *16 n.4 (D.D.C. April 24, 2003) ("it is generally accepted that the exhaustion of administrative remedies doctrine does not apply to claims based on alleged retaliation"); *Hayes v. Shalala,* 902 F. Supp. 259, 266 (D.D.C. 1995); *Webb v. District of Columbia,* 864 F. Supp., 175, 184 (D.D.C. 1994) (requiring plaintiffs to file every new instance of discrimination would serve only to invite further retaliation and erect needless procedural barriers); *Hunt v. D.C. Department of Corrections,* 41 F. Supp. 2d 31, 37 (D.D.C. 1999) 4; see also, *Nealon v. Stone,* 958 F.2d 584, 590 (4th Cir. 1992) ("all circuits that have considered the matter agree that plaintiff need not exhaust administrative remedies for a retaliation claim")

The rationale for excusing administrative exhaustion under such circumstances is that the retaliation is "like or reasonably related to . . . and growing out of [the discrimination claims]," and by exhausting discrimination claims, the plaintiff has in effect exhausted her remedies with respect to the retaliation claim growing out of that discrimination claim. *Hunt* at 37 (citing Malhotra v. Cotter

& Co., 885 F.2d 1305, 1312 (7th Cir. 1989). The Plaintiff has clearly demonstrated that he has exhausted all his administrative remedies and the Defendant's Motion to Dismiss should be denied.

## II. Plaintiff Complaint Should Not Be Dismissed Because He Has Sufficiently Plead and Establish His Claim for Discrimination Under Title VII or the FEHA

Ali 's Complaint should not be dismissed because he has sufficiently plead and establish his claim for discrimination under Title VII and FEHA. The notice pleading requirement of "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), creates a "powerful presumption against rejecting pleadings for failure to state a claim," and prevents courts from granting motions to dismiss absent exceptional circumstances. Gilligan v. *Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A court may dismiss a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 514 (2002).

A court may not dismiss a complaint in which a plaintiff has alleged enough facts (taken as true) to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This is especially true in an employment case. where the Ninth Circuit, rejecting the "'heightened pleading standard,'" concluded that "'federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.'" *Gilligan*, 108 F.3d at 249 (quoting *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993). Ali has set out each cause of action to put the Intel on notice of their discriminatory and retaliatory conduct.

In order to prevail on its Motion, Defendant must be able to demonstrate that the Plaintiffs plead merely the bare elements of discrimination, without providing the adequate particulars of the alleged misconduct. Upon examination of the Complaint, Defendant cannot prevail.

Tellingly, Intel must bolster its legal arguments with blatant and persistent mischaracterizations of Plaintiffs' claims, and Plaintiffs want to set the record straight at the outset. Rather, Plaintiff is alleging that Intel discriminated against him which is a violation of Title VII and FEHA. Neither the statute, nor the case law, nor the ADA regulations, nor the Congressional purpose underlying the ADA supports Intel's position, and this Court should deny its Motion to Dismiss.

### III. COURT SHOULD TAKE JUDICAL NOTICE OF NEW ARTICLE REGARDING MASSIVE AND SYSTEMATIC DISCRIMINATION AGAINST MUSLIMS IN WHICH THE PLAINTIFF IS PART OF THAT CLASS

Systematic discrimination is nothing new for the Muslim community in which the Plaintiff is a part of which is one of the reason why this suit was filed. The Defendant has asked the court to take Judicial Notice of the various lawsuit that he has against various other employers where he has been victimized by discrimination because of his age, national origin, religion and race. The Defendant has alleged that the Plaintiff's claim is "cookie cutter."  claim is far from being a cookie cutter because it has to do with the offensive and discriminatory actions of Intel one of the world's largest corporation. The Plaintiff has filed suit against these employers because it is common knowledge that those employers in Silicon Valley have a strong tendency to discriminate against Muslims. The Plaintiff is asking the court to take judicial notice of new related articles.

The Plaintiff will acknowledge the fact that something is reported in the newspapers, by itself, is normally insufficient for judicial notice of a fact which is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." **FRE 201(b)(2)**; see, e.g., *Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 517 (11th Cir. 1991) ("That a statement of fact appears in a daily newspaper does not of itself establish that the stated fact is 'capable of accurate and ready determination'"; judicial notice of a newspaper article as proof that the defendant "had access to thousands of dollars hidden somewhere" was error). The Plaintiff is asking the court to take judicial notice that there is article published that has to do with employment discrimination regarding the Muslim community.

In contrast, judicial notice of a newspaper article may be appropriate for the fact that the article was in fact published. While the facts in the article may be disputed, the fact that the article was published is "not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." FRE 201(b)(2). The Ninth Circuit recently provided another example of taking judicial notice of a newspaper article not for the facts it contained, but rather for the fact it was published.

In *Von Saher*, 578 F.3d at 1020. In the *Von Saher* case, plaintiff Saher sought the return of two paintings that she alleged were looted from her family by the Nazis during World War I. In a motion by the defendant, the circuit granted "judicial notice of the fact that various newspapers, magazines, and books have published information about the Cranachs." As explained by the circuit:

"Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" *Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2001); accord *Heliotrope Gen. Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.118 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants."). These publications meet the standards for admissibility set forth in Federal Rule of Evidence 201(b). Accordingly, we take judicial notice of them solely as an indication of what information was in the public realm at the time."*Von Saher*, 578 F.3d at 1022.  This is the Ninth Circuit. The *Von Saher* case demonstrates the limits of judicial notice of newspapers and related literature The Court in this cause of action should take judicial notice of information that has been published in the public realm at this time which is the systematic discrimination that Ali is from the Muslim community in the Silicon Valley had to endure.

Here are just a few articles that deal with discrimination against Muslims
https://www.nytimes.com/2010/09/24/business/24muslim.html
https://www.theatlantic.com/politics/archive/2017/07/american-muslims-trump/534879/

Many Muslims face a double minority status due to their racial/ethnic and religious backgrounds. The Court should take judicial notice that the Plaintiff is part of Muslim community and should consider all the variables that he is exposed to. The Court should take judicial notice and deny the motion to dismiss. Such discrimination by Intel was severe and pervasive, that caused serious and debilitating emotional distress to Ali. Contrary to Defendants' arguments, these claims go far beyond "a cookie cutter" remarks based on national origin, they are based on the total of the systematic discrimination and retaliation felt by the Plaintiff because he is Muslim. *See Brown v. Brody*, 199 F.3d 446, 454 (D.C. Cir. 1999) (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57 (1986

To survive a motion to dismiss, a complaint need only allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. In evaluating a Rule 12(b)(6) motion, the court is obligated to "construe the complaint in the light most favorable to the plaintiff, taking all [of plaintiff's] allegations as true and drawing all reasonable inferences from the complaint in [the plaintiff's] favor." Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005).

The complaint is clear in that it states that the Intel discriminated against him based on his race, religion, national origin and age and they retaliate against him by not hiring him even though he had applied for several positions. The Defendant's view is totally distorted. The reality was that the Plaintiffs alleges in the initial Complaint for all five of the cause of action are sufficient to put them on notice.

### IV. PLEADINGS ARE SUFFICIENTLY PLEAD

A Rule 12(b)(l) motion "imposes on the court an affirmative obligation to ensure that it is acting within the scope of its juris-dictional authority." *Grand Lodge of Fraternal Order* 2005 WL 2861274 (D.D.C.) *Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). In deciding the motion,

- 10 -
(PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS)

the Court "must construe the allegations in the complaint in the light most favorable to the plaintiff." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); see also *Scott v. England*, 264 F. Supp. 2d 5, 6 (D.D.C. 2002) (court must accept all of the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor); *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 141 (D.D.C. 2005). It must also "resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." *Phoenix Consulting, Inc. v. Ang.*, 216 F.3d 36, 40 (D.C. Cir. 2000).

In deciding a motion to dismiss, the Court is permitted to consider only the pleadings, the exhibits thereto, and matters of public record. 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (1990) ("In determining whether to grant a Rule 12 (b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits and attached to the complaint, also may be taken into account." See also *Mir. v. Little Co. of Mary Hospital*, 844 F. 2d, 646, (9th Cir. 1988) If the matters outside the pleading and the public record are presented in support of the motion, Rule 12(b)(6) relief is inappropriate; rather, the motion must be denied or alternatively "treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). The Original Complaint is sufficiently pleaded.

With regard to the pleadings, Plaintiffs are not required to plead a prima facie case in the complaint under *Swierkiewicz v. Soreman* N.A., 534 U.S. 506 (2002). All that is required is that the pleading put the defendant on notice of the claim. The complaint gave the defendant sufficient notice under Fed. R. Civ. P. 8(a) and given that the Plaintiff followed the EEOC administrative rules, it certainly must have concluded that the Defendant received sufficient notice of the claims. This theory by the Defendant should be rejected outright.

- 11 -
(PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS)

It is well established that "[c]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss[.]" *Dunn v. Castro*, 621 F.3d 1196, 1205 n.6 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *Magulta v. Samples*, 375 F.3d 1269, 1274-75 (11th Cir. 2004) (when reviewing a motion to dismiss for failure to state a claim, courts should read the complaint in its entirety); 5 Wright & Miller, Federal Practice and Procedure § 1286 (3d ed. 2004); 5B Wright & Miller, Federal Practice and Procedure § 1357 (3d ed. 2004). The court should consider all the evidence that the Plaintiff has presented in the Original Complaint.

Defendants' provide no legal support for the proposition regarding the Complaint. The Court must consider the Complaint as a whole. *Id.* Consideration of the Complaint demonstrates that it meets the requirements established under the Federal Rules. "[A] complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard is met where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Here, the Complaint presents a detailed recitation of Plaintiffs' assertions that more than satisfies the pleading requirements. A review of the entire Complaint demonstrates that the Complaint in no way relies upon mere legal conclusions but contains a detailed factual account of Defendants' discriminatory and retaliatory actions.

Moreover, the Defendant repeatedly states throughout their Motion to Dismiss that the Complaint is vague and lacking in detail. To begin, this is no ground for dismissal under Rule 12(b)(6). See *In re Initial Public Offering Sec. Litig.*, 241 F. Supp. 2d 281, 333 (S.D.N.Y. 2003). If the Defendant truly believed that the clarity of pleadings was deficient, he should have moved to for a more definite statement under Rule 12(e) and requested that the Plaintiff set forth more detail.

Tellingly, he did not; the Complaint is sufficiently clear and detailed and the Defendant's arguments to the contrary must be disregarded.

The Supreme Court recently articulated the appropriate standard a court must follow in deciding a motion to dismiss an action under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). First, a court must accept all factual allegations set forth in the complaint as true. *Tellabs, Inc. v. Makor Issues and Rights, Ltd*, 551 U.S. 308, 322 (2007). Second, the court must consider the complaint in its entirety; "the inquiry . . . is whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." Id. Finally, the court must conduct a comparative inquiry: "[a] complaint will survive if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." Id. at 324. The facts as alleged by the Plaintiff more than adequately survive such a comparison.

Using the standard set forth in Tellabs, the Plaintiff has satisfied the pleading requirements of Rule 9(b). Taking all the facts alleged as true, there is sufficient detail in the Complaint and accompanying exhibits to give rise to a clear inference of scienter. Moreover, the Complaint paints a clear and cogent story that is far more compelling than any of the reasons the Defendant suggests for why the conduct occurred. Therefore, the Court should deny the Defendant's Motion to Dismiss.

V. **CONCLUSION**

For all the reasons stated above, Plaintiffs respectfully request that this Court deny Defendants' Motion and allow this case to proceed to discovery and then to trial. Defendants' motion should be rejected as it is untimely and fails to comply with the requirements of Fed. R. Civ. P. 12(b). Nonetheless, if the Court elects to consider the motion as a motion for judgment on the pleadings, the Motion should be denied as the arguments Defendants' raise are meritless. To the extent, if any,

that this Court determines Plaintiffs' Complaint is inadequate on any of the grounds set forth in Defendants' Motion, Plaintiffs respectfully request permission to file a Motion for Leave to File an Amended and/or Supplemental Complaint under Fed.R.Civ.P. 15(c) and (d).

Analysis of the Complaint demonstrates that the complaint contains a detailed factual account that more than satisfies Fed. R. Civ. P. 8. Defendants' attempt to have the Court applies the particularity requirements of Fed. R. Civ. P. 9(b) should be rejected, although the Complaint meets that standard as well. Accordingly, the Plaintiff respectfully requests that the Court deny Defendants' motion.

Respectfully Submitted,

DATED: July 14, 2018

SYED NAZIM ALI
In Pro Per / *Plaintiff*