Mitchell F. Boomer (Cal. Bar No. 121441)
Scott P. Jang (Cal. Bar No. 260191)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA 94111
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Mitchell.Boomer@jacksonlewis.com
E-mail: Scott.Jang@jacksonlewis.com

Attorneys for Defendant
INTEL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED NAZIM ALI,<br><br>    Plaintiff,<br><br>v.<br><br>INTEL CORPORATION, INC.,<br><br>    Defendant. | Case No. 5:18-cv-03981-LHK<br><br>**DEFENDANT'S REPLY IN SUPOPRT OF MOTION TO DISMISS**<br><br>Complaint Filed: May 31, 2018<br>Removal Filed: July 2, 2018<br>Trial Date: None set<br><br>Date: December 13, 2018<br>Time: 1:30 p.m.<br>Ctrm.: 8 – 4th Floor<br>Judge: Hon. Lucy H. Koh |

## I.   INTRODUCTION

Plaintiff's Opposition misses the mark in every respect and cannot save his claims from dismissal. First, Plaintiff has not and cannot show that he exhausted his administrative remedies with respect to his claim for age discrimination under the Age Discrimination in Employment Act ("ADEA").

Second, while Plaintiff acknowledges that he must allege "sufficient factual matter . . . to state a claim that is plausible on its face," (Pl.'s Opp'n, ECF No. 19 at 4) (quoting *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir 2012) and *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)), he fails to explain how his discrimination claims meet this pleading standard. Rather than point to any specific *factual* allegations in his Complaint, Plaintiff offers nothing more than a

mishmash of newspaper articles (of which he improperly asks this Court to take judicial notice), further speculation, and legal conclusions.

Third, Plaintiff misapprehends Defendant's argument regarding his retaliation claim. Plaintiff contends that he exhausted his administrative remedies with respect to his retaliation claim, but Defendant's argument is different. Defendant maintains that Plaintiff cannot logically sustain a retaliation claim because he has not and cannot allege a causal link between an adverse employment action and "protected activity." Any alleged adverse employment action (not hiring Plaintiff) occurred *before* his protected activity (filing a discrimination charge with the EEOC), and thus could not have been motivated by retaliatory animus.

Lastly, Plaintiff ignores and impliedly concedes Defendant's argument that his claim for intentional infliction of emotional distress must be dismissed because it is premised on personnel and hiring decisions, which cannot as a matter of law support the tort of intentional infliction of emotional distress.

## II.  ARGUMENT

### A.  First Cause of Action: Plaintiff's ADEA Claim Must Be Dismissed with Prejudice for Failure to Exhaust Administrative Remedies.

No question exists that Plaintiff filed a charge of discrimination and received a right to sue letter from the EEOC on June 5, 2017 regarding Plaintiff's allegations of (1) race discrimination; (2) national original discrimination; (3) religious discrimination; and (4) retaliation.[1] (*See* ECF No. 10-1.) But Plaintiff stretches further and suggests in conclusory fashion that his right to sue letter is somehow sufficient to satisfy his requirement to exhaust administrative remedies with respect to his *age* discrimination claim. Plaintiff is mistaken.

Plaintiff's civil action is limited by the scope and bounds of his EEOC charge. *Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1051 (9th Cir. 1987)  While courts are willing to construe charges to include allegations that are "like or reasonably related to the allegations in the . . . [plaintiff's EEOC charge]," *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990), courts will

---

[1] Defendant disputes the timeliness of Plaintiff's lawsuit given the fact that Plaintiff received his right to sue letter over a year ago, and Defendant intends to challenge Plaintiff's claims on that basis in its next responsive motion or pleading.

*not* go so far as to sweep in entirely different protected characteristics and forms of discrimination than that which were alleged in the charge. As indicated in Defendant's opening brief, the Ninth Circuit's decision in *Stallop, supra*, is controlling on this point.

In *Stallcop*, the Ninth Circuit affirmed summary judgment in favor of the defendant on the plaintiff's age and sex discrimination claims due to her failure to exhaust administrative remedies. 820 F.3d at 1051. The plaintiff filed a lawsuit for age, sex, and national origin discrimination, but the plaintiff's administrative charge did not mention or otherwise include any age or sex discrimination allegations; it only indicated national origin discrimination. *Id.* Given these facts, the Ninth Circuit held that the plaintiff failed to exhaust her administrative remedies with respect to her age and sex discrimination claims, and that she could not proceed further on those claims as a matter of law. *Id.*

The decision in *Sanders v. Sodexco, Inc.*, Case No. 2:15-cv-00371-JAD-GWF, 2015 U.S. Dist. LEXIS 96073 (D.Nev. July 20, 2015) is also directly on-point. In *Sanders*, the district court dismissed the plaintiff's age discrimination claim for failure to exhaust administrative remedies. *Id.* at *6-7. The plaintiff asserted in his EEOC charge that he had suffered *race* discrimination and checked the corresponding box for "*race* discrimination." *Id.* at *4-5. The plaintiff did not, however, include in the charge any allegation of age discrimination; nor did the plaintiff check the box for "age discrimination." *Id.* at *5-6. Under these circumstances, the court held that the claim for age discrimination fell outside the scope of the EEOC charge, had not been exhausted, and was therefore subject to dismissal. *Id.* at *6-7.

Here, Plaintiff does not dispute that although his EEOC charge specifically describes race, national origin, and religious discrimination, and expressly "checks the boxes" for those discrimination claims, his EEOC charge plainly fails to mention age discrimination at all and fails to even "check the box" for age discrimination. (*See* ECF No. 10-1.) Therefore, Plaintiff, like the plaintiffs in *Stallcop* and *Sanders*, failed to exhaust his administrative remedies with respect to his age discrimination claim, and the claim must be dismissed.[2] Further, because it is too late

---

[2] This is particularly true here since Plaintiff asserts a disparate impact theory of liability for his age discrimination claim, a theory of liability that is completely separate and distinct from his race, national origin, and religious intentional discrimination claims.

for Plaintiff to file a new charge, Plaintiff cannot exhaust his administrative remedies with respect to his claim for age discrimination under the ADEA, and thus the claim should be dismissed without leave to amend and *with prejudice*.

### B. First, Second, Third, Fourth, and Fifth Causes of Action: The Court Should Dismiss Plaintiff's Speculation-Laced Discrimination Claims for Failure to Allege Sufficient Facts to Support a Plausible Claim.

In a bid to salvage his discrimination claims, Plaintiff improperly asks this Court to take judicial notice of various newspaper articles purportedly about discrimination against Muslims. Judicial notice is improper for two reasons. First, at most judicial notice would establish the fact that these articles were written (as opposed to their truthfulness), but the fact that these articles were written is immaterial to the arguments raised in Defendant's motion to dismiss.[3] Second, the articles are extraneous to Plaintiff's Complaint and cannot be incorporated into the Complaint by reference through Plaintiff's Opposition. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 n.93 (C.D. Cal. 2015) (declining to judicially notice websites and newspaper articles cited in an opposition to a motion to dismiss because a plaintiff cannot supplement a complaint in such a manner).

Turning to the allegations actually set forth in Plaintiff's Complaint, Plaintiff observes longstanding case law supporting the notice pleading standard under federal rules, but assumes the standard is so flexible that his speculative and conclusory claims suffice. Not so. As Plaintiff acknowledges in his Opposition, his Complaint must state "sufficient *factual* matter . . . to state a claim that is *plausible* on its face." (Pl.'s Opp'n, ECF No. 19 at 4) (quoting *Lacey*, 693 F.3d at 911 and *Ashcroft*, 556 U.S. at 663 (emphasis added)). Thus, with respect to his failure-to-hire discrimination claims, Plaintiff must allege (and ultimately prove) sufficient factual matter – not mere conclusions – that plausibly establishes that his age, race, national origin, or religion was either the sole reason or a motivating factor for Defendant's decision to not hire him. *See* Ninth Circuit Manual of Model Civil Jury Instructions 10.1; *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 856-57 (9th Cir.2002) (en banc), *aff'd,* 539 U.S. 90 (2003).

---

[3] It should be noted that none of the articles cited by Plaintiff mention Defendant.

As detailed in Defendant's opening brief, Plaintiff's Complaint fails to meet this standard. It is not enough for Plaintiff to use the words "discriminate" (as Plaintiff does many times in the Complaint). Discrimination amounts to a legal conclusion that must be supported by facts. Nor is it enough for Plaintiff to make far-fetched allegations and levy legal conclusions. For example, armed solely with the fact he was not offered a job by Defendant, Plaintiff conjures a conspiracy that Defendant hires South Asians only – while excluding Muslim Pakistanis like himself – and leaps to the conclusion that this is the reason for his not being hired. The Court should not permit such naked, far-fetched, and speculative accusations to proceed without additional facts. *See Iqbal*, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"); *see also id.* at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience *and common sense*.") (emphasis added).

Plaintiff's claims for age, race, national origin, and religious discrimination lack sufficient supporting factual allegations "to state a claim that is plausible on its face," *id.* at 663, and instead depend on speculation and legal conclusions. These claims should be dismissed accordingly.

### C. Sixth Cause of Action: Plaintiff Cannot State a Viable Retaliation Claim.

Plaintiff misapprehends Defendant's argument with respect to his Sixth Cause of Action for retaliation under the FEHA by focusing on an argument – failure to exhaust administrative remedies – that Defendant does not make with respect to retaliation. Defendant argues instead that Plaintiff's retaliation claim should be dismissed with prejudice because he cannot possibly satisfy the essential element of "protected activity" given the allegations and theory of this case. *See Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005) (listing "protected activity" as an essential element of a *prima facie* claim for retaliation).

"Protected activity" means conduct that is in *opposition to* an allegedly unlawful discriminatory practice (or one reasonably believed to be such). *Rope v. Auto-Chlor System of Washington, Inc.*, 220 Cal. App. 4th 635, 652 (2013), superseded by statute on another ground. Importantly, to establish retaliation under the FEHA, the plaintiff's supposed opposition activity must have been directed toward a discriminatory act by an employer or its agents. *See Smith v.*

*County of Santa Clara*, Case No. 5:11-cv-05643-EJD, 2016 U.S. Dist. LEXIS 101357, at *40 (N.D. Cal. Aug. 1, 2016) ("[F]or the purposes of a FEHA retaliation claim, opposition to a particular policy or practice is generally not considered protected activity unless the opposed policy or practice was proscribed under FEHA.").

Here, the only alleged potential protected activity is Plaintiff's filing a charge with the EEOC on June 5, 2017 to exhaust his administrative remedies with respect to the claims in this action. This alleged protected activity, however, occurred *after* Defendant allegedly failed to hire Plaintiff to various positions he applied earlier in April 2017. This sequence of events makes it impossible for Plaintiff to establish any causal connection between his protected activity and Defendant's supposedly retaliatory adverse action. Therefore, Plaintiff's Sixth Cause of Action for retaliation should be dismissed with prejudice.

D. **Seventh Cause of Action: Plaintiff Cannot Establish a Claim for Intentional Infliction of Emotional Distress.**

Similarly, Plaintiff's Opposition fails to address and thus impliedly concedes Defendant's position that, under California law, a claim for intentional infliction of emotional distress cannot be premised on an alleged failure to hire because decisions not to hire do not satisfy the "extreme and outrageous conduct" element necessary to show intentional infliction of emotional distress. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (citations omitted). As explained by the California Court of Appeal, routine employment actions such as interviewing applicants and making hiring decisions amount to ordinary "personnel management decisions" that cannot, as a matter of law, rise to the level of "extreme and outrageous conduct," even if such is improperly motivated:

> Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society. A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, *even if improper motivation is alleged.* If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination [not a tort claim for intentional infliction of emotional distress].

*Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 80 (1996) (emphasis added). *See Nguyen v. Adams & Associates*, Case No. 2:16-cv-00292-TLN-KJN2017, 2017 U.S. Dist. LEXIS 147743, at *18 (E.D. Cal. Sept. 12. 2017) (dismissing claim for intentional infliction of emotional distress

because "[the] action Plaintiff does allege – making a hiring decision – is an activity California courts have expressly found constitutes personnel management activity.").

Accordingly, the Court should dismiss with prejudice Plaintiff's Seventh Cause of Action for intentional infliction of emotional distress. *See, e.g., Rascon v. Diversified Maintenance Systems*, Case No. 1:13-CV-01578 AWI JLT, 2014 U.S. Dist. LEXIS 54242, at *33-37 (E.D. Cal. Apr. 17, 2014) (dismissing intentional infliction of emotional distress claim without leave to amend after holding that allegations regarding personnel management decisions cannot support a claim for intentional infliction of emotional distress as a matter of law).

## III. CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion to dismiss. Plaintiff has not and cannot exhaust his administrative remedies with respect to his age discrimination claim. Plaintiff also fails to allege sufficient facts to state a plausible claim for discrimination, retaliation, or intentional infliction of emotional distress. Finally, because Plaintiff's claims for age discrimination, retaliation, and intentional infliction of emotional distress cannot be salvaged by the pleading additional facts, the claims should be dismissed without leave to amend and with prejudice.

Respectfully submitted,

Dated: July 30, 2018                JACKSON LEWIS P.C.

By: /s/ *Mitchell F. Boomer*
Mitchell F. Boomer
Scott P. Jang
Attorneys for Defendant
INTEL CORPORATION