United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYED NAZIM ALI,<br><br>    Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>    Defendant. | Case No. 18-CV-03981-LHK<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 8 |

Plaintiff Syed Nazim Ali ("Ali") brings an employment discrimination suit against Defendant Intel Corporation ("Intel"). Ali alleges that he applied for numerous positions at Intel, but was not hired due to discrimination based on age, race, national origin, and religion. Ali also alleges Intel retaliated against him, and that Intel intentionally inflicted emotional distress on him. Before the Court is Intel's motion to dismiss. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Intel's motion to dismiss with leave to amend.

**I.   BACKGROUND**

   **A. Factual Background**

Ali, whose national origin is Pakistani, is over the age of 40. ECF No. 1-1 at ¶¶ 54, 60

1

("Compl."). Ali is also Muslim. *Id.* at ¶ 62.

Ali states that he worked in the information technology industry for over twenty years, with experience in regulatory compliance, cybersecurity, and risk assessment. *Id.* at ¶ 6. On or about April 3, 2017, Ali applied for nine different positions at Intel. *Id.* at ¶ 9. Ali claims he possessed the training and expertise for all the positions for which he applied. *Id.* at ¶ 10. However, he was not offered an interview for any of the jobs and was rejected from all of them. *Id.* at ¶¶ 11-12. Ali alleges that the reason he was not hired for any of the jobs is because he is over the age of 40, of Pakistani origin, and Muslim. *Id.* at ¶¶ 37, 54, 60.

### B. Procedural History

In early June 2017, Ali filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") that alleged retaliation and discrimination based on race, religion, and national origin. ECF No. 9 at 1.

Ali, not satisfied with the outcome of his EEOC charge, initiated suit in the Superior Court of Santa Clara County on May 31, 2018. *Id.* at Civil Cover Sheet. Intel removed the instant case to the United States District Court for the Northern District of California on July 2, 2018. ECF No. 1 at 1. Ali asserts the following seven causes of action against Intel: (1) discrimination based on age in violation of the Age Discrimination in Employment Act ("ADEA"), 21 U.S.C. § 621; (2) discrimination based on race in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900-12996; (3) discrimination based on national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (4) discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (5) discrimination based on religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (6) retaliation in violation of the FEHA; and (7) intentional infliction of emotional distress. Compl. at ¶¶ 35-86.

On July 9, 2018, Intel filed the instant motion to dismiss. ECF No. 8 ("Mot."). Ali filed an opposition on July 16, 2018. ECF No. 19 ("Opp."). Intel filed a reply on July 30, 2018. ECF No. 21 ("Reply").

2
Case No. 18-CV-03981-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

## II. LEGAL STANDARD

### A. Motion to Dismiss under Rule 12(b)(1)

A defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. While lack of statutory standing requires dismissal for failure to state a claim under Rule 12(b)(6), lack of Article III standing requires dismissal for want of subject matter jurisdiction under Rule 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The Court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "[I]n a factual attack," on the other hand, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction," the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* The Court "need not presume the truthfulness of the plaintiff's allegations" in deciding a factual attack. *Id.* Once the defendant has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing the Court's jurisdiction. *See Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

### B. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The U.S. Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough

3

Case No. 18-CV-03981-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**C. Leave to Amend**

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal

quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### D. Judicial Notice

In support of Intel's motion to dismiss, Intel has requested that the Court take judicial notice of Ali's EEOC charge of discrimination and attached narrative. ECF No. 9 at 1. Furthermore, in support of Ali's opposition, Ali requests that the Court take judicial notice of two newspaper articles for the proposition that there are "article[s] published that ha[ve] to do with employment discrimination regarding the Muslim community." Opp. at 8.

The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other filed documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000 (taking judicial notice of a filed complaint as a public record). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference . . . ." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record . . . . But a court may not take judicial notice of a fact that is subject to reasonable dispute." (internal quotation marks and citation omitted)), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

5

The Court agrees with Intel that the EEOC charge of discrimination and attached narrative are subject to judicial notice because the charge and narrative are incorporated into the complaint by reference. *See* Compl. at ¶ 33 ("Prior to the institution of this lawsuit, Plaintiff filed a complaint with the Equal Employment Opportunity Commission."); *Pellerin v. Huron Consulting Grp.*, 2010 WL 3769334, at *2 (N.D. Cal. Sept. 22, 2010) (incorporating by reference an EEOC charge of discrimination because "Plaintiff expressly refers to this document in his Complaint"). In fact, Ali attempted to attach what he thought was the EEOC charge of discrimination as exhibit A to his complaint in the instant case, but he merely attached the notice to complainant and respondent and notice to complainant of right to sue. Compl. at Ex. A. Moreover, the EEOC charge and narrative are from a source—a government agency filing—whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Despite attaching the wrong document, even Ali admits that the EEOC charge is a "true and accurate copy" of what he filed. Compl. at ¶ 33. Thus, the Court will take judicial notice of the EEOC charge and narrative.

Conversely, the Court denies Ali's request for judicial notice of the two newspaper articles about discrimination against the Muslim community raised in his opposition. Opp. at 8-9. Courts do not take judicial notice of newspaper articles for the truth of the contents of the articles. *See, e.g.*, *Lennard v. Yeung*, 2011 WL 13217784, at *6 n.43 (C.D. Cal. June 7, 2011) ("Because defendants ask the court to take judicial notice of the truth of the contents of the articles, their request for judicial notice must be denied."); *Harrison v. Milligan*, 2012 WL 1835428, at *1 (denying judicial notice of newspaper articles because plaintiff failed to address whether the newspaper articles is a source whose accuracy cannot reasonably be questioned). Ali attempts to introduce the articles to show the "systematic discrimination" against the Muslim community in Silicon Valley. Opp. at 9. Thus, Ali is relying on the newspaper articles' contents as evidence of systemic discrimination against Muslims in Silicon Valley. Furthermore, Ali makes no showing that the newspaper articles are sources whose accuracy cannot reasonably be questioned. Therefore, the Court does not take judicial notice of the two newspaper articles.

**III. DISCUSSION**

As discussed above, Plaintiff's case asserts the following seven causes of action against Intel: (1) discrimination based on age in violation of the ADEA, 21 U.S.C. § 621; (2) discrimination based on race in violation of the FEHA, Cal. Gov't Code §§ 12900-12996; (3) discrimination based on national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (4) discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (5) discrimination based on religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (6) retaliation in violation of the FEHA; and (7) intentional infliction of emotional distress. Compl. at ¶¶ 35-86.

Intel moves to dismiss all of Ali's causes of action. *See generally* Mot. First, the Court addresses Ali's age discrimination claim under the ADEA. Second, the Court addresses together Ali's claims of discrimination based on race under the FEHA and Title VII of the Civil Rights Act of 1964, and based on national origin and religion under Title VII of the Civil Rights Act of 1964. Third, the Court addresses Ali's claim of retaliation under the FEHA. Fourth, the Court addresses the intentional infliction of emotional distress claim.

**A. Age Discrimination**

The Court first addresses Plaintiff's cause of action for age discrimination under the ADEA. Plaintiff alleges that he was not hired because Intel systematically favors younger applicants at the expense of applicants like Ali, who is over the age of 40. Compl. at ¶ 38-39. Intel argues that the age discrimination allegations should be dismissed with prejudice because Ali did not exhaust his administrative remedies.

Intel is correct. Ali has not exhausted his administrative remedies. The ADEA states that "[n]o civil action may be commenced . . . until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d)(1); *see also Saunders v. Northrop Corp.*, 887 F.2d 1089, 1989 WL 123652 (table), at *2 (9th Cir. 1989) ("Prior to filing a claim for age discrimination, a claimant must file a charge with the EEOC."). In the charge of discrimination that Ali filed with the EEOC, Ali does not allege that there was discrimination based on age. ECF No. 10-1 at 1. Ali's opposition to the instant motion

7
Case No. 18-CV-03981-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

does not state that he alleged age discrimination in his EEOC charge. Opp. at 5-6. Instead, Ali's opposition just argues that the filing of his EEOC charge was timely. Opp. at 5. Because Ali has not exhausted his administrative remedies, the Court lacks jurisdiction to hear Ali's age discrimination claim. Thus, the Court grants Intel's motion to dismiss the age discrimination claim under the ADEA.

Furthermore, by statute, Ali has 180 days after an alleged unlawful practice occurred to bring an EEOC charge. 29 U.S.C. § 626(d)(1)(A). Here, it is unclear from Ali's complaint *when* the alleged unlawful discrimination took place. The only date Ali provides is the date when he applied for the jobs (April 3, 2017). Compl. at ¶ 9. The Court does not know when Ali was *rejected* from the jobs, which would be the date the allegedly unlawful discrimination took place. Thus, because the Court does not know which date the allegedly unlawful discrimination took place, the Court is uncertain whether amending the complaint would be futile. Therefore, the Court errs on the side of caution and grants leave to amend because granting Ali an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice Intel, and Ali has not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

**B. Discrimination Based on Race under the FEHA and under Title VII of the Civil Rights Act, National Origin, and Religion**

The Court now turns to Ali's allegations that Intel discriminated in its hiring practices based on race under both the FEHA and Title VII of the Civil Rights Act of 1964, and based on national origin and religion under Title VII of the Civil Rights Act of 1964. Intel argues that Ali has failed to sufficiently plead that his race, national origin, or religion was part of Intel's decision not to hire him. Mot. at 6. Ali responds that the Court must consider the complaint as a whole, and doing so "demonstrates that the Complaint in no way relies upon mere legal conclusions but contains a detailed factual account of Defendants' [sic] discriminatory and retaliatory actions." Opp. at 12.

Again, Intel has the more persuasive argument. "Rule 8 . . . does not unlock the doors of

8
Case No. 18-CV-03981-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. In an entirely conclusory fashion, Ali's barebones complaint alleges he suffered various types of discrimination. *See, e.g.*, Compl. at ¶ 50 ("The Defendant has discriminated against the Plaintiff based on his race and [sic] their selection and hiring process which is a violated [sic] of FEHA."); *id.* at ¶ 54 ("Upon information and belief, Defendant discriminated against Plaintiff on the basis of Plaintiff's national origin of being from Pakistan and refused to hire him."); *id.* at ¶ 61 ("The Defendants and their managers whom many were of the South Indian and Indian descent discriminated against Ali because of his race of being from Pakistan."); *id.* at ¶ 73 ("The Defendant with the Senior Management who was South Indian and Indian failed to offer employment opportunities to the Plaintiff . . . because of his religion of being Muslin [sic] and Islam."). Basically, the extent of Ali's claims is that he was discriminated against because of a conspiracy involving Intel's South Indian and Indian managers, who refuse to hire a Muslim of Pakistani origin. Compl. at ¶ 61. None of these conclusory allegations have any factual support that meet Rule 8's pleading requirements.

Moreover, Ali does not allege that Intel even knew his race, national origin, or religion. "Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and *common sense*." *Iqbal*, 556 U.S. at 679 (emphasis added). Ali was not brought in for an interview for any of the positions for which he applied, Compl. at ¶ 12, and he does not allege that he disclosed his race, national origin, and religion in his job applications.

"Allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Star v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Ali's conclusory allegations lack any factual support to give fair notice and to enable Intel to defend itself.

Thus, Intel's motion to dismiss Ali's claims of discrimination based on race, national origin, and religion is granted. Because granting Ali an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice Intel, and Ali has not acted

9

Case No. 18-CV-03981-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

### C. Retaliation in Violation of the FEHA

The Court turns to Ali's allegations regarding retaliation in violation of the FEHA. Ali's conclusory allegation is that "Intel retaliated against Ali in terms of their hiring and selection process which is a violation of FEHA." Compl. at ¶ 76. How Intel retaliated against Ali is never explained. Intel notes that the only alleged protected activity—the filing of an EEOC charge—came *after* Intel did not hire Ali. Reply at 6.

Intel has the more convincing argument. To allege a case of retaliation under the FEHA, "a plaintiff must show (1) he or she engaged in a protected activity, (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005). Filing an EEOC charge is a protected activity. *Anderson v. City & Cty. of San Francisco*, 169 F. Supp. 3d 995, 1030 (N.D. Cal. 2016) ("[T]he court will construe Plaintiff's filing of her July 28, 2011 EEOC charge as the protected act for this claim."). Ali's complaint does not identify anything other than his filing of an EEOC charge that could be construed as a protected activity. Thus, timing is fatal to Ali's claim because the employer's action—not hiring Ali—came *before* the protected activity, which is Ali's filing of his EEOC charge. Therefore, there is no causal link between the protected activity and the employer's action because the protected activity came *after* the Intel's decision not to hire Ali.

Thus, Intel's motion to dismiss Ali's claim of retaliation in violation of the FEHA is granted. Though the Court questions whether Ali can state a violation of the FEHA by identifying a protected activity that predates Intel's actions, the Court errs on the side of caution in granting leave to amend. Because granting Ali an additional opportunity to amend the complaint may not be futile, cause undue delay, or unduly prejudice Intel, and Ali has not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

### D. Intentional Infliction of Emotional Distress

The Court now turns to Ali's final claim: the intentional infliction of emotional distress.

10

1 Ali claims that Intel's actions were "so extreme and outrageous that [they] exceeded the boundaries of human decency and was [sic] beyond [the] pale of conduct tolerated in a civilized society." Compl. at ¶ 84. Intel's response is that personnel management decisions do not rise to the level of a cognizable claim for intentional infliction of emotional distress.

Intel prevails here. To state a cause of action for intentional infliction of emotional distress, there must be "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering [of] severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (internal quotations and citations omitted). Here, Ali has failed to allege how Intel's refusal to hire him rises to the requisite level of outrageous conduct that exceeds all bounds of conduct tolerated in a civilized community. Ali merely recites the elements of an intentional infliction of emotional distress claim. However, "a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. Thus, Ali's allegations fail to meet Rule 8's pleading standard.

Therefore, Intel's motion to dismiss Ali's claim of intentional infliction of emotional distress is granted. Because granting Ali an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice Intel, and Ali has not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion to dismiss with leave to amend as to the claims of: (1) discrimination based on age in violation of the ADEA; (2) discrimination based on race in violation of the FEHA; (3) discrimination based on national origin in violation of Title VII of the Civil Rights Act of 1964; (4) discrimination based on race in violation of Title VII of the Civil Rights Act of 1964; (5) discrimination based on religion in violation of Title VII of the Civil Rights Act of 1964; (6) retaliation in violation of the FEHA; and (7) intentional infliction of

11

emotional distress.

Should Ali elect to file an amended complaint curing the deficiencies identified herein, he shall do so within 30 days. Failure to file an amended complaint within 30 days or failure to cure the deficiencies identified in this Order will result in dismissal with prejudice of the claims dismissed in this Order. Ali may not add new causes of actions or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: October 31, 2018

LUCY H. KOH
United States District Judge