United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYED NAZIM ALI,<br><br>    Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>    Defendant. | Case No. 18-CV-03981-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 38 |

Plaintiff Syed Ali ("Ali") brings an employment discrimination suit against Defendant Intel Corporation ("Intel"). Ali alleges that he applied for numerous positions at Intel, but was not hired due to discrimination based on age, race, and national origin. Ali also alleges Intel retaliated against him, and that Intel intentionally inflicted emotional distress on him. Before the Court is Intel's motion to dismiss Ali's first amended complaint. ECF No. 38 ("Mot."). Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Intel's motion to dismiss with prejudice.

**I.      BACKGROUND**

**A.  Factual Background**

Ali, whose national origin is Pakistani, is over the age of 40. ECF No. 37 (first amended

1

complaint, or "FAC") at ¶ 15. Ali states that he worked in the information technology industry for over 20 years, with experience in regulatory compliance, cybersecurity, and risk assessment. *Id.* at ¶ 6. On or about April 4, 2017, Ali applied for 9 different positions at Intel. *Id.* at ¶¶ 27, 30-38. Ali claims he possessed the training and expertise for all the positions for which he applied. *Id.* at ¶¶ 28, 60. In April or May of 2017, Ali alleges that he interviewed for the position of privacy analyst, one of the positions for which he applied. *Id.* at ¶ 13-14. However, Ali was not hired for any of the positions. *Id.* at ¶ 45. Ali alleges that the reason he was not hired for any of the jobs is because he is over the age of 40 and of Pakistani origin. *Id.* at ¶¶ 46, 48. It is difficult to discern from the FAC when exactly Ali was rejected for the positions for which he applied. In the FAC, Ali alleges that "[o]n or about, April 4, 2017, The Defendant failed to hire and offer employment to the Plaintiff." *Id.* at ¶ 103. However, April 4, 2017 was also the same date Ali applied for the 9 positions, and before he allegedly interviewed for the position of privacy analyst. However, Ali attaches 3 emails dated between April and May 2017 from Intel that reject Ali for 3 of the positions for which he applied. *Id.* at 67-69.[1]

However, it is clear that Ali was rejected for all 9 positions by June 2017. In June 2017, Ali filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") that alleged retaliation and discrimination based on race, religion, and national origin because Intel failed to hire Ali for the 9 positions for which he applied. ECF No. 10-1 at 1, 3.[2] On June 29, 2017, the EEOC dismissed Ali's allegations. FAC at 50.

**B. Procedural History**

Almost a year after the EEOC dismissed his allegations, Ali initiated suit in the Superior Court of Santa Clara County on May 31, 2018. ECF No. 1-1 at Civil Cover Sheet. Intel removed the instant case to the United States District Court for the Northern District of California on July 2,

---

[1] Ali has attached various exhibits to his FAC. The exhibits comprise various documents related to Ali's allegations, and are not consecutively-paginated, so the Court refers to the ECF-generated pagination of Ali's FAC when referring to the exhibits attached to the FAC.
[2] The Court has already taken judicial notice of Ali's EEOC charge of discrimination and attached narrative. ECF No. 33 at 6.

Case No. 18-CV-03981-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1    2018. ECF No. 1 at 4. On July 9, 2018, Intel filed a motion to dismiss. ECF No. 8. On October 31,

2    2018, the Court dismissed with leave to amend all counts of Ali's complaint against Intel. ECF

3    No. 33 ("October 31, 2018 Order").

4    In his first complaint, Ali asserted the following seven causes of action against Intel: (1)

5    discrimination based on age in violation of the Age Discrimination in Employment Act

6    ("ADEA"), 21 U.S.C. § 621; (2) discrimination based on race in violation of the Fair Employment

7    and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900-12996; (3) discrimination based on

8    national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

9    (4) discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, 42

10   U.S.C. § 2000e *et seq.*; (5) discrimination based on religion in violation of Title VII of the Civil

11   Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (6) retaliation in violation of the FEHA; and (7)

12   intentional infliction of emotional distress. ECF No. 1-1 at ¶¶ 35-86.

13   In the October 31, 2018 Order, the Court rejected the ADEA claim for age discrimination

14   (count 1) because Ali failed to exhaust his administrative remedies. ECF No. 33 at 8. Second, the

15   Court denied Ali's claim for discrimination based on race under the FEHA (count 2) and for

16   discrimination based on national origin, race, and religion under Title VII of the Civil Rights Act

17   of 1964 (counts 3 to 5) because Ali's complaint consisted of nothing more than conclusory

18   allegations insufficient to pass muster under Federal Rule of Civil Procedure 8. *Id.* at 8-9. Third,

19   the Court dismissed Ali's claim of retaliation in violation of the FEHA (count 6) because there

20   was no causal link between the protected activity—filing an EEOC charge—and Intel's actions

21   with regards to hiring Ali because the protected activity came after Intel's decision not to hire Ali.

22   *Id.* at 10. Fourth, the Court rejected Ali's intentional infliction of emotional distress claim (count

23   7) because Ali formulaically recited the elements of an intentional infliction of emotional distress

24   claim, which was insufficient to meet Rule 8's pleading standard. *Id.* at 11.

25   The Court gave Ali 30 days to amend his complaint, and warned him that "failure to cure

26   the deficiencies identified in this Order will result in dismissal with prejudice." *Id.* at 12.

27   Moreover, the Court stated that "Ali may not add new causes of action . . . without leave of the

28

3

Case No. 18-CV-03981-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1  Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15." *Id.*

2        On November 15, 2018, Ali filed the FAC. ECF No. 37. On November 29, 2018, Intel

3  filed the instant motion to dismiss the FAC. ECF No. 38. On December 5, 2018, Ali filed an

4  opposition. ECF No. 41 ("Opp."). On December 20, 2018, Intel filed a reply. ECF No. 42

5  ("Reply").

6  **II.    LEGAL STANDARD**

7        **A.  Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1)**

8        A defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Rule

9  12(b)(1) of the Federal Rules of Civil Procedure. While lack of statutory standing requires

10  dismissal for failure to state a claim under Rule 12(b)(6), lack of Article III standing requires

11  dismissal for want of subject matter jurisdiction under Rule 12(b)(1). *See Maya v. Centex Corp.*,

12  658 F.3d 1060, 1067 (9th Cir. 2011). "A Rule 12(b)(1) jurisdictional attack may be facial or

13  factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack,

14  the challenger asserts that the allegations contained in a complaint are insufficient on their face to

15  invoke federal jurisdiction." *Id.* The Court "resolves a facial attack as it would a motion to dismiss

16  under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable

17  inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a

18  legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir.

19  2014). "[I]n a factual attack," on the other hand, "the challenger disputes the truth of the

20  allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for*

21  *Everyone*, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction," the Court "may review

22  evidence beyond the complaint without converting the motion to dismiss into a motion for

23  summary judgment." *Id.* The Court "need not presume the truthfulness of the plaintiff's

24  allegations" in deciding a factual attack. *Id.* Once the defendant has moved to dismiss for lack of

25  subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing the

26  Court's jurisdiction. *See Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir.

27  2010).

28
4
Case No. 18-CV-03981-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

**B. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The U.S. Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

**C. Leave to Amend**

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

5

## III. DISCUSSION

In the FAC, Ali alleges 5 counts against Intel: racial discrimination under the Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964 (count 1); age discrimination under the Age Discrimination in Employment Act ("ADEA") and FEHA (count 2); national origin discrimination under Title VII of the Civil Rights Act of 1964 (count 3); retaliation in violation of the FEHA (count 4); and intentional infliction of emotional distress (count 5). The Court addresses each count in turn.

### A. Racial and National Origin Discrimination (Counts 1 and 3)

In its October 31, 2018 Order, the Court granted the motion to dismiss the complaint's racial and national origin claims with leave to amend. ECF No. 33 at 9. Ali has now filed an FAC, reasserting the racial and national origin discrimination claims against Intel. After reviewing the FAC, the Court agrees with Intel that Ali's second attempt at stating a claim fails to address the deficiencies identified by the Court in the October 31, 2018 Order.

In particular, in dismissing Ali's racial and national origin discrimination claims against Intel in the October 31, 2018 Order, the Court explained that "Ali's conclusory allegations lack any factual support to give fair notice and to enable Intel to defend itself." *Id.* The Court warned that "failure to cure the deficiencies . . . will result in dismissal with prejudice of the claims." *Id.* at 12.

Ali again alleges that Intel discriminated against him based on his race in violation of the Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act (count 1), and based on his national origin in violation of Title VII of the Civil Rights Act (count 3). Intel argues that Ali's claims do not meet Rule 8's pleading standard, and that Ali's Title VII claims are time barred. Mot. at 6. The Court agrees with Intel.

Ali's second attempt at stating racial and national origin discrimination claims fares no better than his initial attempt. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

Case No. 18-CV-03981-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1   inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Yet, in an entirely

2   conclusory fashion, Ali's barebones FAC alleges he suffered various types of discrimination.

3           With regards to racial discrimination, the FAC *only* makes conclusory allegations such as:

4   "[u]pon information and belief, Defendant discriminated against Plaintiff based on Plaintiff's

5   race," FAC at ¶ 71; "[t]he Plaintiff is Pakistan [sic] and was not hired because of his ethic [sic]

6   race," *id.* at ¶ 72; "[t]he Defendant has discriminated against the Plaintiff based on his race and

7   their selection and hiring process which is a violated [sic] of FEHA," *id.* at ¶ 76; "[p]laintiff's [sic]

8   was not employed by the Defendant in substantial part, due to his race," *id.* at ¶ 79.

9           With regards to national origin discrimination, Ali's allegations are similarly conclusory.

10  For example, Ali alleges: "[d]efendant's perception of the Plaintiff's race as a Pakistan [sic] was

11  negative and therefore, they refused to hire him," *id.*; "[u]pon information and belief, Defendant

12  discriminated against Plaintiff on the basis of Plaintiff's national origin . . . resulting in him not

13  being hired," *id.* at ¶ 101; "[p]laintiff was discriminated against because of his national origin of

14  being a Pakistan [sic] which is a violation of Title VII of the Civil Rights Act of 1964," *id.* at ¶

15  102; "[o]n or about, April 4, 2017, The Defendant failed to hire and offer employment to Plaintiff .

16  . . because of his national origin of being a Pakistan [sic] decent," *id.* at ¶ 103.

17          At bottom, Ali's allegations offer nothing more than speculation that a conspiracy of

18  "people who are of the South Indians and Indians decent who are in management . . . clearly

19  retaliated and discriminated against Ali." *Id.* at ¶ 59. Indeed, in *Iqbal*, the United States Supreme

20  Court held that similar allegations of discrimination did not meet Rule 8's pleading standard. In

21  *Iqbal*, the plaintiff alleged that certain defendants "knew of, condoned, and willfully and

22  maliciously agreed to subject [him]" to harsh conditions of confinement "solely on account of

23  [his] religion, race, and/or national origin." 556 U.S. at 680. However, the United States Supreme

24  Court held that this kind of conclusory pleading was "not entitled to the assumption of truth." *Id.*

25  Here, Ali's allegations are similarly devoid of any facts, and jump to the conclusion that Intel must

26  have discriminated against him based on race and national origin because he was not hired. Under

27  *Iqbal*, such allegations are not entitled to the presumption of truth and do not meet the pleading

28
                                                        7

standard of Rule 8.

Moreover, Ali's racial and national origin discrimination claims made under Title VII of the Civil Rights Act are time barred. The EEOC dismissed Ali's allegations in a letter issued on June 29, 2017. FAC at 50. The Ninth Circuit has held that an EEOC claimant is presumed to have received a denial letter 3 days after issuance. *Payan v. Aramark Mgmt. Servs. Ltd.*, 495 F.3d 1119, 1125 (9th Cir. 2007) ("We adopt the three-day presumption."). Thus, Ali is presumed to have received the denial letter by July 3, 2017. Under federal statute, a plaintiff has 90 days from receipt of the denial letter to file any claim under Title VII. 42 U.S.C. § 2000e-5(f)(1) ("[W]ithin ninety days after the giving of such [denial] notice a civil action may be brought against the respondent named in the [EEOC] charge [] by the person claiming to be aggrieved . . . ."). Yet, Ali did not file any lawsuit alleging a violation of Title VII until May 31, 2018, when Ali brought suit in the Superior Court of Santa Clara County. ECF No. 1-1 at Civil Cover Sheet. Thus, Ali's Title VII claims for racial and national origin discrimination are time barred because they were not made until almost a year after he presumptively received the EEOC denial letter, well after the 90-day statutory window to file a claim under Title VII.

Therefore, Intel's motion to dismiss Ali's claims of racial discrimination in violation of the FEHA and Title VII of the Civil Rights Act (count 1) and national origin discrimination in violation of Title VII of the Civil Rights Act (count 3) is GRANTED.

The Court finds that granting leave to amend would be futile and unduly prejudicial to Intel. *Leadsinger, Inc.*, 512 F.3d at 532. In its October 31, 2018 Order, the Court dismissed the racial and national origin discrimination claims against Intel because the complaint failed to meet the pleading standard of Rule 8. ECF No. 39 at 9. The Court warned that "failure to cure the deficiencies identified in this Order will result in dismissal with prejudice." *Id.* at 12. Nonetheless, Ali failed to cure the deficiencies. Because any amendment would be futile, and it would be unduly prejudicial to Intel to litigate a third motion to dismiss regarding the same deficiencies, including the time barred Title VII claims that cannot be cured by further amendment, leave to amend is DENIED.

Case No. 18-CV-03981-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

### B. Age Discrimination (Count 2)

In its October 31, 2018 Order, the Court granted the motion to dismiss the complaint's age discrimination claim under the Age Discrimination in Employment Act ("ADEA") with leave to amend. ECF No. 33 at 7-8. Ali has now filed an FAC, reasserting the age discrimination claim against Intel. After reviewing the FAC, the Court agrees with Intel that Ali's second attempt at stating a claim fails to address the deficiencies identified by the Court in the October 31, 2018 Order.

In particular, in dismissing Ali's age discrimination claim against Intel in the October 31, 2018 Order, the Court explained that "[b]ecause Ali has not exhausted his administrative remedies, the Court lacks jurisdiction to hear Ali's age discrimination claim." *Id.* at 8. Yet, the Court erred "on the side of caution" and granted leave to amend to give Ali another opportunity to demonstrate that he did exhaust his administrative remedies. *Id.* The Court warned that "failure to cure the deficiencies . . . will result in dismissal with prejudice of the claims." *Id.* at 12.

In the FAC, Ali asserts an age discrimination claim under the Fair Employment and Housing Act ("FEHA") and the ADEA. Intel argues that the age discrimination claim under the FEHA and the ADEA should be dismissed because Ali failed to exhaust his administrative remedies. The Court agrees. The Court first discusses the FEHA claim, then the ADEA claim.

First, with respect to Ali's age discrimination claim under the FEHA, the Court notes that Ali did not allege this FEHA claim in the original complaint. In its October 31, 2018 Order, the Court stated that "Ali may not add new causes of action . . . without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15." *Id.* Ali neither obtained leave of the Court nor a stipulation to add this cause of action. Thus, Ali's age discrimination claim under the FEHA is STRICKEN. Nonetheless, even if Ali had timely alleged an age discrimination claim under the FEHA, it would still be time barred. Prior to filing a claim for age discrimination under the FEHA, a plaintiff must exhaust administrative remedies by filing a charge of age discrimination with California's Department of Fair Employment and Housing within 1 year of the alleged discrimination. Cal. Gov. Code § 12960. Here, the alleged

9

1    discrimination—Intel's rejection of Ali for the 9 positions—took place by June 2017. There is no

2    evidence that Ali filed such a charge of age discrimination with the California Department of Fair

3    Employment and Housing by June 2018 or ever.

4         Second, with respect to Ali's age discrimination claim under the ADEA, Ali still fails to

5    demonstrate how he has exhausted his administrative remedies. The ADEA states that "[n]o civil

6    action may be commenced . . . until 60 days after a charge alleging unlawful discrimination has

7    been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d)(1); *see also*

8    *Saunders v. Northrop Corp.*, 887 F.2d 1089, 1989 WL 123652 (table), at *2 (9th Cir. 1989)

9    ("Prior to filing a claim for age discrimination, a claimant must file a charge with the EEOC."). In

10   the sole charge of discrimination that Ali filed with the EEOC, Ali did not allege that there was

11   discrimination based on age. *See* ECF No. 10-1 at 1. Thus, Ali never exhausted his administrative

12   remedies by filing the required EEOC charge.

13        Moreover, any attempt by Ali to exhaust administrative remedies at this point would be

14   time barred. According to Ali's EEOC charge of discrimination and attached narrative, it is clear

15   that Ali was rejected for the 9 positions for which he applied by June 2017. *Id.* at 1, 3. However,

16   Ali had at most 180 days after the alleged discrimination occurred to file an EEOC charge. 29

17   U.S.C. § 626(d)(1)(A). Thus, Ali had until around December 2017 at the latest to file an EEOC

18   charge of age discrimination. Ali failed to do so. Thus, it would be too late now for Ali to file a

19   charge of age discrimination against Intel.

20        Therefore, Intel's motion to dismiss Ali's age discrimination claim in violation of the

21   ADEA (count 2) is GRANTED. Ali's age discrimination claim in violation of the FEHA (count 2)

22   is STRICKEN.

23        The Court finds that granting leave to amend would be futile and unduly prejudicial to

24   Intel. *Leadsinger, Inc.*, 512 F.3d at 532. In its October 31, 2018 Order, the Court dismissed the age

25   discrimination claim against Intel because Ali failed to show that he exhausted his administrative

26   remedies. ECF No. 39 at 8. The Court warned that "failure to cure the deficiencies identified in

27   this Order will result in dismissal with prejudice." *Id.* at 12. Nonetheless, Ali failed to cure the

28
                                            10
     Case No. 18-CV-03981-LHK
     ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1    deficiencies. Because any amendment would be futile as Ali has failed to exhaust his

2    administrative remedies, and it would be unduly prejudicial to Intel to litigate a third motion to

3    dismiss regarding the same deficiencies, leave to amend is DENIED.

4    **C. Retaliation (Count 4)**

5    In its October 31, 2018 Order, the Court granted the motion to dismiss the retaliation claim

6    under the FEHA with leave to amend. ECF No. 33 at 10. Ali has now filed an FAC, reasserting the

7    retaliation claim against Intel. After reviewing the FAC, the Court agrees with Intel that Ali's

8    second attempt at stating a claim fails to address the deficiencies identified by the Court in the

9    October 31, 2018 Order.

10   In particular, in dismissing Ali's retaliation claim against Intel in the October 31, 2018

11   Order, the Court explained that "there is no causal link between the protected activity [of filing the

12   EEOC charge] and the employer's action because the protected activity came *after* . . . Intel's

13   decision not to hire Ali." *Id.* The Court warned that "failure to cure the deficiencies . . . will result

14   in dismissal with prejudice of the claims." *Id.* at 12.

15   In the FAC, Ali reattempts to bring a retaliation claim under the FEHA. Intel argues that

16   the retaliation claim fails because Ali's EEOC charge postdates Intel's rejection of Ali for the 9

17   positions. Thus, Intel's rejection of Ali cannot constitute retaliation for Ali's later filing of the

18   EEOC charge. The Court agrees with Intel.

19   To allege a case of retaliation under the FEHA, "a plaintiff must show (1) he or she

20   engaged in a protected activity, (2) the employer subjected the employee to an adverse

21   employment action, and (3) a causal link existed between the protected activity and the employer's

22   action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005). Filing an EEOC charge is

23   a protected activity. *Anderson v. City & Cty. of San Francisco*, 169 F. Supp. 3d 995, 1030 (N.D.

24   Cal. 2016) ("[T]he court will construe Plaintiff's filing of her July 28, 2011 EEOC charge as the

25   protected act for this claim."). Despite an opportunity to amend the complaint to show that Ali

26   potentially engaged in protected activities, Ali's FAC does not identify anything other than his

27   filing of an EEOC charge that could be construed as a protected activity. Thus, timing is fatal to

28
11

1    Ali's retaliation claim because the employer's action—not hiring Ali—came *before* the protected

2    activity, which is Ali's filing of his EEOC charge. *See* ECF No. 10-1 at 4 (Ali's attached narrative

3    to his EEOC charge describing how he was rejected for 9 employment opportunities at Intel).

4    Therefore, there can be no causal link, as required under *Yanowitz*, between the protected activity

5    and the employer's alleged retaliatory action because the protected activity came *after* Intel's

6    decision not to hire Ali.

7         In Ali's opposition, Ali argues that seeking employment from Intel constitutes a protected

8    activity. Opp. at 9. A protected activity exists where the plaintiff "has opposed any practices

9    forbidden under [the FEHA] or because the person has filed a complaint, testified, or assisted in

10   any proceeding under [the FEHA]." Cal. Gov. Code § 12940(h). Here, Ali's act of seeking

11   employment was not in opposition to any of the discriminatory practices forbidden under the

12   FEHA. Seeking employment also does not constitute filing a complaint, testifying, or assisting in

13   any proceeding under the FEHA. Thus, seeking employment does not constitute an actionable

14   protected activity.

15        Accordingly, Intel's motion to dismiss the retaliation claim under the FEHA (count 4) is

16   GRANTED.

17        The Court finds that granting leave to amend would be futile and unduly prejudicial to

18   Intel. *Leadsinger, Inc.*, 512 F.3d at 532. In its October 31, 2018 Order, the Court dismissed the

19   retaliation claim against Intel because Ali failed to show that the protected activity of filing the

20   EEOC charge was causally linked to Intel's failure to hire Ali. ECF No. 39 at 10. The Court

21   warned that "failure to cure the deficiencies identified in this Order will result in dismissal with

22   prejudice." *Id.* at 12. Nonetheless, Ali failed to cure the deficiencies. Because any amendment

23   would be futile, and it would be unduly prejudicial to Intel to litigate a third motion to dismiss

24   regarding the same deficiencies, leave to amend is DENIED.

25        **D. Intentional Infliction of Emotional Distress (Count 5)**

26        In its October 31, 2018 Order, the Court granted the motion to dismiss the intentional

27   infliction of emotional distress ("IIED") claim with leave to amend. ECF No. 33 at 11. Ali has

28
                                                  12

1  now filed an FAC, reasserting the IIED claim against Intel. After reviewing the FAC, the Court

2  agrees with Intel that Ali's second attempt at stating a claim fails to address the deficiencies

3  identified by the Court in the October 31, 2018 Order.

4  In particular, in dismissing Ali's IIED claim against Intel in the October 31, 2018 Order,

5  the Court explained that "Ali's allegations fail to meet Rule 8's pleading standard." *Id.* The Court

6  warned that "failure to cure the deficiencies . . . will result in dismissal with prejudice of the

7  claims." *Id.* at 12.

8  In the FAC, Ali reasserts an IIED cause of action. Intel argues that personnel management

9  decisions, such as failing to hire someone, cannot legally rise to the level of outrageous conduct

10  required by an IIED claim. The Court agrees. First, the Court finds that Ali's complaint does not

11  meet Rule 8's pleading standard. Then, the Court finds that personnel management decisions

12  cannot sustain an IIED claim.

13  To state a cause of action for intentional infliction of emotional distress, there must be "(1)

14  extreme and outrageous conduct by the defendant with the intention of causing, or reckless

15  disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering [of] severe

16  or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by

17  the defendant's outrageous conduct. A defendant's conduct is 'outrageous' when it is so extreme

18  as to exceed all bounds of that usually tolerated in a civilized community." *Hughes v. Pair*, 46 Cal.

19  4th 1035, 1050 (2009) (internal quotations and citations omitted).

20  First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

21  conclusory statements, do not suffice" to state a claim upon which relief can be granted. *Iqbal*, 556

22  U.S. at 678. Yet, Ali's allegations merely regurgitate the requirements for an IIED claim. For

23  instance, Ali alleges: "[t]he conduct of the Defendant's senior executives . . . was so extreme and

24  outrageous that it exceeded the boundaries of human decency and was beyond pale [sic] of

25  conduct tolerated in a civilized society," FAC at ¶ 116; "Intel Corporation, Inc failure [sic] to hire

26  the Plaintiff was done intentionally and knowingly," *id.* at ¶ 117; "[i]n an actual and proximate

27  results [sic] of Defendant's wrongful conduct, Plaintiff has suffered and continues to suffer severe

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1  and continuous humiliation, emotional distress, and physical and mental pain and anguish," *id.* at ¶

2  118. Thus, Ali's allegations, which merely restate the elements of an IIED cause of action, do not

3  meet Rule 8's pleading standard.

4  Second, the California Court of Appeal has held that personnel management decisions

5  cannot, as a matter of law, rise to the level of "extreme and outrageous conduct" required for an

6  IIED claim. In *Janken v. GM Hughes Electronics*, the court held that "[m]anaging personnel is not

7  outrageous conduct beyond the bounds of human decency, but rather conduct essential to the

8  welfare and prosperity of society. A simple pleading of personnel management activity is

9  insufficient to support a claim of intentional infliction of emotional distress, even if improper

10  motivation is alleged." 46 Cal. App. 4th 55, 80 (1996); *see also Goodman v. Wal-Mart Stores,*

11  *Inc.*, 2015 WL 7295375, at *5 (C.D. Cal. Nov. 18, 2018) ("Numerous courts have applied *Janken*

12  to foreclose a claim for *IIED* when a supervisor's conduct is within the confines of her managerial

13  role."); *Gonzales v. City of Martinez*, 638 F. Supp. 2d 1147, 1161 (N.D. Cal. 2009) ("Courts have

14  followed the holding in *Janken* and dismissed intentional infliction of emotional distress claims

15  premised on personnel management decisions."); *Brooks v. City of Fremont*, 2008 WL 1994889,

16  at *8 (N.D. Cal. May 5, 2008) ("[S]imply pleading personnel management activity is insufficient

17  to support an IIED claim . . . ."). The *Janken* court classified "hiring and firing" as "personnel

18  management actions." 46 Cal. App. 4th at 56. Here, Ali's IIED claim stems from Intel's personnel

19  management decision not to hire him. Thus, under California law, Intel's decision not to hire Ali is

20  "insufficient to support a claim" of IIED. *Id.* at 80. Though in its October 31, 2018 Order, the

21  Court did not rely upon *Janken* and its progeny to dismiss Ali's IIED claim, *Janken* demonstrates

22  that as a matter of law, Ali cannot state an IIED claim simply because he was not hired for any of

23  the 9 positions.

24  Therefore, Intel's motion to dismiss Ali's IIED claim (count 5) is GRANTED.

25  The Court finds that granting leave to amend would be futile and unduly prejudicial to

26  Intel. *Leadsinger, Inc.*, 512 F.3d at 532. In its October 31, 2018 Order, the Court dismissed the

27  IIED claim against Intel because Ali failed to meet Rule 8's pleading standard. ECF No. 39 at 11.

28

14

1   The Court warned that "failure to cure the deficiencies identified in this Order will result in

2   dismissal with prejudice." *Id.* at 12. Nonetheless, Ali failed to cure the deficiencies. Because any

3   amendment would be futile—especially because as a matter of law, an IIED claim cannot be

4   predicated on being rejected for a job—and it would be unduly prejudicial to Intel to litigate a

5   third motion to dismiss regarding the same deficiencies, leave to amend is DENIED.

6   **IV.    CONCLUSION**

7           For the foregoing reasons, Intel's motion to dismiss is GRANTED. Ali's claims of: racial

8   discrimination under the Fair Employment and Housing Act ("FEHA") and Title VII of the Civil

9   Rights Act (count 1); age discrimination under the Age Discrimination in Employment Act

10  ("ADEA") (count 2); national origin discrimination under Title VII of the Civil Rights Act (count

11  3); retaliation in violation of the FEHA (count 4); and intentional infliction of emotional distress

12  (count 5), are hereby DISMISSED with prejudice. Moreover, Ali's claim of age discrimination

13  under the FEHA (count 2) is hereby STRICKEN. Thus, none of Ali's claims survive.

14  **IT IS SO ORDERED.**

15

16  Dated: March 26, 2019

17                                              _____

18                                              LUCY H. KOH
                                                United States District Judge

19

20

21

22

23

24

25

26

27

28
                                                15
    Case No. 18-CV-03981-LHK
    ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE